## Sexton *vs.* Zett.

It is a well settled rule that a person who interferes, in any way, with a sidewalk, in a city, and leaves it in a dangerous condition, is liable for injuries caused thereby, whether he knew it to be dangerous or not; and irrespective of any permission from the public authorities to do the work from which the injury arises.

Hence, in an action to recover damages for a personal injury sustained by the plaintiff by falling into a ditch which the defendant had caused to be dug, across the sidewalk of one of the streets in a city, and which he permitted to remain open during the night, without any protection against accidents, proof that the defendant had the permission of the alderman to cut the ditch, is inadmissible.

Where, in such an action, there was no evidence, on either side, showing that the defendant was not guilty of the negligence which produced the injury; his own testimony showing that he was; and the judge having left to the jury the question whether the plaintiff was free from negligence, and they having found that issue in his favor; *Held* that the verdict was right, and the judgment should be affirmed.

APPEAL by the defendant from a judgment rendered upon a verdict at the circuit court in the county of Onondaga, held before Hon. Wm. J. Bacon, justice, in January, 1866. The action was brought to recover damages for a personal injury sustained by the plaintiff by falling into a ditch which the defendant had caused to be dug, across the sidewalk of one of the streets in the city of Syracuse. The answer to the complaint was a general denial.

The defendant caused the ditch to be dug from his brewery to, and across, the sidewalk, and into the center of the street, to the depth of from eight to ten feet deep, and some two feet wide at the bottom, and rather wider at the top, with a bank of earth on the north side of it, composed of material excavated from it, of the height of from one to four feet, and higher on the south side; and the defendant permitted it to remain open during the night, without in any other way obstructing the approaches to it, and without any protection by lighting it, or otherwise, to prevent persons passing along the sidewalk from falling into it.

The plaintiff, who was a stranger in the city, in passing from the north, along the sidewalk, at about the hour of ten o'clock in a very dark night, fell into the ditch and broke his leg, and otherwise injured himself, so that he had not recovered at the time of the trial.

The defendant was sworn as a witness in his own behalf, and testified to the manner of constructing the ditch, and his counsel asked him if he had "got the permission of the alderman to cut it through there?" To which the counsel for the plaintiff objected, and the court excluded the testimony; to which the defendant's counsel excepted.

When the evidence was closed, the judge decided that the negligence of the defendant was established, and refused to submit that question to the jury. To which decision the counsel for the defendant excepted. But the judge submitted to the jury the question whether the plaintiff was guilty of any negligence which contributed to the injury that he sustained; and the jury found a verdict for the plaintiff of $2250.

*William J. Wallace*, for the appellant.

*D. J. Mitchell*, for the respondent.

*By the Court*, FOSTER, J. 1st. The question propounded to the defendant, and excluded by the court below, was immaterial, and was properly excluded. Upon all the evidence it is clear that if the ditch in question had been made and left by the city authorities, (instead of the defendant,) in the same condition that it was, and the plaintiff, without negligence on his part, had fallen into it and received an injury, the city would have been liable; for it was gross negligence to permit it to remain as it was, during the night; and the corporation, by permitting the defendant to construct the ditch, could not authorize him to allow

it to remain open, to the hazard of human life, or excuse him for doing so. It is a well settled rule, that a person who interferes in any way with a sidewalk in a city, and leaves it in a dangerous condition, is liable for injuries caused thereby, whether he knew it to be dangerous or not; and irrespective of any permission from the public authorities to do the work from which the injury arises. (*Creed* v. *Hartmann*, 29 *N. Y. Rep.* 591. *Congreve* v. *Smith*, 18 *id.* 79. *Congreve* v. *Morgan*, *Id.* 84.) And the offer was not to show that he had authority to leave the ditch open and unprotected, but merely that he had authority to dig it.

2d. There was no evidence, on either side, showing that the defendant was not guilty of the negligence which produced the injury. His own testimony showed that he was; and the whole evidence conclusively proved an entire want of care, and very gross negligence on his part; and the court below having left to the jury the question whether the plaintiff was free from negligence, and they having found that issue in his favor, the verdict was right, and the judgment should be affirmed.

[ONONDAGA GENERAL TERM, June 25, 1867. *Bacon, Foster* and *Mullin,* Justices.]